UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Alle Processing Corp., <br><br> Plaintiff, <br><br> -against- <br><br> MSC Mediterranean Shipping Company S.A. <br><br> Defendant. | Civil Action No. 24-cv-05604 <br><br> **FIRST AMENDED COMPLAINT** |

      For its complaint against Defendant MSC Mediterranean Shipping Company S.A., Plaintiff Alle Processing Corp. ("APC") alleges as follows:

### JURISDICTION, PARTIES, AND VENUE

      1.     This action seeks recovery for damage to refrigerated cargo carried by sea from Uruguay to New York, cognizable as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and the action falls within the Court's subject matter jurisdiction pursuant to 28 U.S.C §§ 1331 and 1333. Alternatively, this Court has diversity jurisdiction under 28 U.S.C. § 1332 because this action is between a citizen of a State and a citizen of a foreign country and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

      2.     At all material times, Plaintiff APC was and is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 56-20 59th Street, Maspeth, NY 11378, and was the owner of the cargo that is the subject matter of this action.

      3.     Upon information and belief, Defendant Mediterranean Shipping Company S.A. ("Defendant" or "MSC") was and is, upon information and belief an entity organized and existing

under the laws of Switzerland, and acted as ocean carrier of the cargo that is the subject matter of this action.

4. Venue is proper in this district pursuant to clause 10.3 of Defendant MSC's Contract of Carriage, which identifies the United States District Court for the Southern District of New York as the exclusive jurisdiction for Plaintiff to file suit.

## STATEMENT OF CLAIM

5. Frigorifico Las Piedras S.A. ("Frigorifico"), a shipper located in Uruguay, loaded 1,080 palletized cartons of frozen boneless beef into 40 ft. high cube shipping container #TRIU867128-7 and 894 palletized cartons of frozen boneless beef into 40 ft. high cube shipping container #MEDU901375-8 (the "Shipment").

6. On or about June 27, 2023, the Shipment was loaded onto the vessel MSC Dardanelles, voyage #325R, under Defendant's Bill of Lading Nos. MEDUM04171169 and MEDUM0417177, at the Port of Loading of Montevideo, Uruguay. The Shipment was tendered to MSC, the ocean carrier, in good condition, with the reefer units in each shipping container set at -18 degrees Celsius.

7. Defendant's Bills of Lading included the total number of cartons shipped (1,080 in one shipping container and 894 in another shipping container) and included instructions that the Shipment be stowed in "a refrigerated space at minus 18 degrees Celsius".

8. Defendant's vessel sailed from the port of loading of Montevideo, Uruguay and on or about July 27, 2023, arrived at the Port of New York, where the Shipment was discharged.

9. On or about August 8, 2023, the Shipment was delivered to Lineage Logistics ("Lineage"), 275 Blair Road, Avenel, New Jersey, and unloaded on the same date, in a damaged condition and determined to be unsalvageable due to extensive temperature abuse.

HB: 4871-6601-2912.1

10. As a result of Defendant's failure to deliver the Shipment in good order and condition at destination, APC sustained actual damages in the amount of $487,705.05.

## COUNT I
## CARRIAGE OF GOODS BY SEA ACT ("COGSA")
### 46 USC § 30701 et seq.

11. Plaintiff incorporates each allegation of paragraphs 1 through 11 as if fully set forth herein.

12. Defendant accepted the Shipment in good order and condition, as shown in Defendant's Bill of Lading Nos. MEDUM04171169 and MEDUM0417177, at the Port of Loading of Montevideo, Uruguay.

13. Defendant failed to deliver the Shipment in good order and condition to the Port of Discharge in New York.

14. Under COGSA, Plaintiff APC, as the owner of the Shipment, is entitled to recover from Defendant the damages suffered caused by the loss and damage to the Shipment.

**WHEREFORE**, Plaintiff prays as follows:

A. For judgment in favor of Plaintiff APC against Defendant for damages to be determined at trial, but no less than $487,705.05, plus any additional expenses and costs;

B. For pre-judgment interest at the maximum statutory amount allowed; and

C. For any further relief as the Court deems just and proper.

D.

DATED: October 15, 2024

Respectfully submitted,

HUSCH BLACKWELL LLP

By: */s/Loren R. Unger*
    Loren R. Unger
    2415 E. Camelback Rd. Suite 500
    Phoenix, Arizona 85016
    Tel: (480) 824-7890
    Fax: (480) 824-7905
    Loren.Ungar@huschblackwell.com
    *Attorneys for Plaintiff Alle Processing Corp.*

HB: 4871-6601-2912.1